IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHI THIEN DUONG, | § | |
|     Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-05-229 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 30, 2005, arguing that he is actually innocent of one count of a charge on which he was convicted. Respondent filed a motion to dismiss on August 9, 2005 to which petitioner responded on September 15, 2005 (D.E. 15, 16).

## BACKGROUND

The following facts are taken from the unpublished opinion issued by the Fifth Circuit Court of Appeals in United States v. Chi Thien Duong, No. 93-5033 (E.D. Tex., Oct. 14, 1994)(attached to D.E. 1). In August 1991, Officer Todd Richards was watching the parking lot of a convenience store based on an informant's tip that someone was selling drugs there. He saw a man make and receive calls from a pay phone, and then several minutes later get into a white Mazda low-rider truck that had pulled into the parking lot. Believing that the man's conduct was consistent with drug trafficking activity, Richards approached the driver's side of the truck, identified himself as a police officer and asked the two occupants to get out of the truck.

When the driver, Chi Thien Duong, got out of the truck, Richards saw a small pistol on the floorboard between the seat and the door. Upon questioning, Chi admitted that the gun was his. In the car, Richards found a cellular phone and a pager which still held the phone number of the convenience store pay phone. He also discovered five rocks of crack cocaine in the front pocket of Chi's pants. Petitioner was arrested and he pleaded guilty in the 252nd District Court of Jefferson County, Texas, to possession of a controlled substance, a second degree felony, and was placed on five years' deferred adjudication probation (D.E. 1, App. D-1).

In January 1993, Richards was monitoring traffic by radar on Highway 73 between Houston and Port Arthur, Texas, when he stopped another white Mazda low-rider pickup truck for speeding. He activated the emergency lights and the truck rolled on the shoulder for approximately 100 to 200 yards, during which time Richards saw the occupants of the truck moving about considerably. When the truck stopped, Richards approached the driver and asked for his driver's license. The driver, Tai Tan Duong, readily admitted that his license was suspended. Richards asked Tai to get out of the car and saw a small pistol on the floorboard between the driver's seat and the door. He placed Tai under arrest and asked the passenger to place his hands on the dashboard. Upon recognizing the passenger as Chi Duong, Richards arrested him also. Two baggies containing crack cocaine were found in the crotch area of Tai's pants, and a small set of scales was found in the glove box.

Tai Duong and petitioner were charged by indictment in the United States District Court for the Eastern District of Texas, Beaumont Division, with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count one), using and carrying a firearm during

and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)[1] (count two) (D.E. 1, App. A-1). Petitioner was charged in count three a second violation of using and carrying a firearm during and in relation to a drug trafficking crime.

The third count of the indictment, which petitioner challenges herein, alleged the following:

That on or about the 20th day of August, 1991, in the Eastern District of Texas, CHI THIEN DUONG, defendant herein, knowingly used and carried a firearm, to-wit; an Iver Johnson, .22 caliber pistol, Serial number AE42463, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possession with intent to distribute a Schedule II Controlled Substance, Cocaine, as prohibited under Title 21, United States Code, Section 841, in violation of Title 18 United States Code, Section 924(c)(1).

(D.E. 1, App. A-2).

Tai Duong and petitioner were tried by a jury and convicted on all counts (D.E. 15, Att. A, Dkt. 60). On June 28, 1993 the trial court sentenced petitioner to 130 months imprisonment on the first count, 60 months on the second count and 240 months on the third count. The prison terms were ordered to run consecutively to one another (D.E. 15, Att. A, Dkt. 69). In addition, petitioner was ordered to serve three concurrent terms of supervised release (D.E. 15, Att. A, Dkt. 75).

The 240-month term imposed in count three was based on the trial court's application of 18 U.S.C. § 924(c)(1)(C), which provides that in the case of a second or subsequent conviction under the subsection, the person shall be sentenced to a term of imprisonment of not less than 25 years (or 20 years at the time petitioner was convicted).

---

[1] 18 U.S.C. § 924(c)(1)(A) provides in pertinent part:
[A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime . . . (i) be sentenced to a term of imprisonment of not less than five years.

Petitioner appealed his case and the Fifth Circuit Court of Appeals affirmed his conviction on October 14, 1994 (U.S. v. Chi Thien Duong and Tai Tan Duong, No. 93-5033 (E.D. Tex., Oct. 14, 1994)(attached to D.E. 1).  Petitioner next filed a motion for relief under 28 U.S.C. § 2255, which was denied by the district court on November 5, 1997 (D.E. 1, Apps. B-1 and BB-1).  The Fifth Circuit affirmed the denial of the motion (D.E. 15, Att. A, Dkt. 120).  Petitioner filed a motion in the Fifth Circuit for authorization to file a successive 28 U.S.C. § 2255 motion challenging his convictions, which was denied on December 27, 2004 (attached to D.E. 1).

Petitioner seeks to bring his current petition under the "savings clause" of 28 U.S.C. § 2241 in an effort to challenge his conviction under the third count of the indictment.  Respondent argues that his claim is not properly brought under the savings clause of § 2241 and also that his conviction under count three of the indictment was proper.

## APPLICABLE LAW

### A.  Sections 2255 and 2241

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence.  Section 2241 is used to attack the manner is which a sentence is executed.  A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255.  Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective.
>
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective.  [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam)(italics in original)(internal citations omitted).  See also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Accordingly, a § 2241 petition which attacks errors that occurred at trial or sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452. There is an exception to this rule, however, as discussed in Tolliver. A § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.

The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access to the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)(italics in original)(citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not

5

inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. Pack, 218 F.3d at 452-453 (citations omitted). Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

Here, petitioner's claim attacks proceedings before and during sentencing, meaning the relief he seeks is not available under § 2241, but under § 2255. He recognizes this, but argues that his claim falls within the savings clause of § 2255, and thus may be brought under § 2241. He bases his argument on the belief that he is actually innocent of the third count of the indictment under the holding of Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and could not have brought this claim prior to the time Shepard was decided. Respondent counters that Shepard is not retroactively applicable on collateral review and that even if it were, it does not apply to petitioner's case.

**B. Applicability of Shepard**

In Shepard, the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e), to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The ACCA provides a sentence enhancement for a defendant who is convicted under 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm by a convicted felon) and who has three prior convictions for specified types of offenses. Taylor v. United States, 495 U.S. 575, 577-578, 110 S.Ct. 2143, 2147, 109 L.Ed.2d 607 (1990). The Supreme Court limited the evidence a court may rely on to enhance punishment to (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement

presented to the earlier court, or (4) a record of comparable findings of fact adopted by the defendant before entering the plea. Id., 125 S.Ct. at 1259-1261, 1263.

Petitioner argues that in his case, the only evidence that supported his conviction on the third count of the indictment was testimony from Officer Richards that a firearm was found in plaintiff's car during the 1991 arrest. He points out that he was neither charged nor convicted of a firearms violation stemming from the 1991 arrest, and the record contains none of the evidence found by the Shepard court to be sufficient on which to base a finding about a prior conviction. Petitioner also argues that he was not charged with or convicted of a predicate drug trafficking offense. He asserts that under Shepard he is innocent of the third count.

Respondent argues that Shepard is not applicable on collateral review, meaning that plaintiff cannot meet the first prong of the two-prong savings clause test. The Supreme Court discussed retroactivity of its decisions in Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 2522-23, 159 L.Ed.2d 442 (2004).

> When a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances. New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, . . . as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, . . . . Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.
>
> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished.

Id. (internal quotes and citations omitted)(emphasis in original).  The court added that this class of rules is so narrow that no case fitting into it has yet emerged.  Id., 542 U.S. at 348, 124 S.Ct. at 2523 (citing Tyler v. Cain, 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001)(quoting Sawyer v. Smith, 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)).

The rule set out in Shepard is procedural, so it would have to be a watershed change in criminal procedure in order to apply retroactively.  Clearly it is not.  Shepard merely limited the materials a district court may consider in determining whether prior convictions subject a defendant to an enhanced sentence under § 924(c).  Schriro's requirement of a fundamental or serious challenge to the accuracy of Shepard's underlying § 922(g)(1) conviction was not present.  In fact the accuracy of Shepard's § 922(g)(1) conviction was not challenged at all.  Accordingly, the procedural rule set forth in Shepard is not applicable on collateral review, and thus not cognizable under the savings clause of § 2241.[2]

Even if Shepard were applicable on collateral review, it would not afford petitioner the relief he seeks.  Petitioner alleges that he should not have been convicted of the § 924(c) in count three.  He claims that he should not have been convicted on the arresting officer's testimony, and further that the government failed to charge or prove a predicate offense.  Petitioner was indicted

---

[2]Although no published cases were found addressing the retroactivity of Shepard on collateral review, several non-published cases have determined that it is not retroactive.  See Tracy v. Williamson, No. 05-2659, 2005 WL 2812805 at *1 (3rd Cir., Oct. 28, 2005)(Shepard did not change the substantive law as to the elements of an offense); McCleskey v. United States, No. EP-05-CA-0272-PRM, 2005 WL 1958407 at *6 (W.D. Tex., Aug. 15, 2005)(Shepard is not retroactive to judgments that were final before the date it was released); Olivas-Gutierrez v. United States, No. EP-05-CA-0139-DB, 2005 WL 1241871 at *5 (W.D. Tex., May 19, 2005)(rule announced in Shepard does not apply retroactively to convictions on collateral review); Morales v. United States of America, No. Civ. 03-980 ADM, 2005 WL 807051 (D. Minn., April 7, 2005)(Supreme Court gave no indication that Shepard applies retroactively to cases on collateral review).

8

on the charge of having used a firearm during a drug trafficking offense in 1991.  A jury heard the evidence, including the testimony of Officer Richards, and found him guilty of the charge.  (See Transcript of jury instructions, attached to D.E. 1). Petitioner also makes much of the fact that the indictment did not charge a predicate drug trafficking offense to correspond with the § 924(c) charge in count three.  The statute does not require that the predicate offense be charged.  The statute requires only that he use or carry a firearm during and in relation to a drug trafficking crime *"for which the person may be prosecuted in a court of the United States."*  18 U.S.C. § 924(c)(1)(A) (emphasis supplied).  The plain language of the statute does not require that the predicate offense be charged, and petitioner has cited no authority for his claim that it does.  Even if the holding in Shepard had been available to petitioner at the time of his trial, it would have provided no relief to him.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss (D.E. 15) be granted and petitioner's cause of action for habeas corpus relief be dismissed.

Respectfully submitted this 6th day of December, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).